IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO ROSAS, | § § | |
| *Plaintiff,* | § § | SA-24-CV-00224-XR |
| vs. | § § § | |
| BOOSIFIER INC., PRESIDENT THERESE CALDERON, STRATEGIC PARTNER; | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends the Court deny the motion.

**I.  Analysis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory.  *Prows*, 842 F.2d at 140.  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is currently employed with PMI Birdy Properties and his take-home pay or wages are $2,800 per month.  (IFP Motion [#1], at 4.)  Plaintiff also indicates he is married, and his spouse is employed and earns $6,825.72 per month.  (*Id.*)  Plaintiff has one dependent, his mother.  Regarding monthly expenses, Plaintiff state that he pays rent or a mortgage payment in the amount of $2,300 per month, utility and phone bills in the amount of $680 per month, and car payments in the amount of $1,200 per month.  Plaintiff explains that finances are currently very tight due to his parents' medical bills, which are approximately $1,500 per month.

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Although Plaintiff states that he has only $150 in his checking account, he has not established based on his monthly expenses and his and his spouse's income that he is truly unable to afford the filing fee due to poverty. The combined income for Plaintiff and his spouse is $9,625.72 per month. The federal poverty guideline for a family of three is an annual income of $24,860. *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023). Although an "IFP applicant's income relative to the poverty guidelines . . . is not dispositive," it is relevant to the Court's assessment of poverty. Plaintiff's and his spouse's monthly income amounts to an annual income of $115,508.64, which is over four times the poverty guideline for a family of his size. The undersigned is sympathetic to Plaintiff's current financial challenges stemming from his parent's medical debt. However, his income does not approximate the level of poverty generally recognized by this Court as justifying the waiver of the filing fee. Accordingly, the undersigned will recommend the District Court deny the motion to proceed IFP.

## II.  Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **DENIED**. Plaintiff should be directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b). Plaintiff's Motion to Appoint Counsel [#2] and Motion for Permission to File Electronically [#3] will remain pending for further disposition contingent upon Plaintiff's payment of the filing fee.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 12th day of March, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE