IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANCISCO ROSAS,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| | § | SA-24-CV-00224-XR |
| -vs- | §<br>§ | |
| BOOSIFIER INC., PRESIDENT<br>THERESE CALDERON, STRATEGIC<br>PARTNER;<br>　　　*Defendants* | §<br>§<br>§<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed on March 12, 2024 (ECF No. 5), concerning Plaintiff Francisco Rosas's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint (ECF No. 1).

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14- CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on plaintiff's financial

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The Magistrate Judge's order appears to refer to a previous version of the Fee Schedule under which the applicable administrative fee was $50. Effective December 1, 2020, however, the fee was increased to $52.00.

resources, including whether his expenses are discretionary or mandatory. Prows, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is currently employed with PMI Birdy Properties and his take-home pay or wages are $2,800 per month. ECF No. 1 at 4. Plaintiff also indicates he is married, and his spouse is employed and earns $6,825.72 per month. *Id.* Plaintiff has one dependent, his mother. Regarding monthly expenses, Plaintiff state that he pays rent or a mortgage payment in the amount of $2,300 per month, utility and phone bills in the amount of $680 per month, and car payments in the amount of $1,200 per month. Plaintiff explains that finances are currently very tight due to his parents' medical bills, which are approximately $1,500 per month.

The Magistrate Judge concluded that, despite Plaintiff's representation that he has only $150 in his checking account, he has not established based on his monthly expenses and his and his spouse's income that he is truly unable to afford the filing fee due to poverty. ECF No. 5 at 2–3. The combined income for Plaintiff and his spouse is $9,625.72 per month. The federal poverty guideline for a family of three is an annual income of $24,860. *See* Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023). Although an "IFP applicant's income relative to the poverty guidelines . . . is not dispositive," it is relevant to the Court's assessment of poverty. Plaintiff's and his spouse's monthly income amounts to an annual income of $115,508.64, which is over four times the poverty guideline for a family of his size. Accordingly, while sympathetic to Plaintiff's financial challenges stemming from his parent's medical debt, the

Magistrate Judge recommended that Plaintiff's application to proceed IFP be denied because his income does not approximate the level of poverty generally recognized by this Court as justifying the waiver of the filing fee. *Id.* at 3.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on March 12, 2024. ECF No. 6. On March 18, 2024, the Court received notice that Plaintiff had received a copy of the recommendation--at some point between March 12 and March 18. ECF No. 8. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation that Rosas's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs be denied.

**IT IS THEREFORE ORDERED** that within thirty days (30) from the date of this Order, Rosas shall either pay the filing fee and administrative fee or face dismissal of his proposed Complaint for failure to prosecute and failure to comply with this Order. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail a copy of this Order to Francisco Rosas at 5418 King Richard St., San Antonio, Texas 78229

It is so **ORDERED**.

**SIGNED** this 8th day of April, 2024.

                                                                              _____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE